```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND
```

|                            |   |                                  |
|----------------------------|---|----------------------------------|
| STANDARD INSURANCE COMPANY | : |                                  |
|                            | : |                                  |
| v.                         | : | Civil Action No. DKC 2005-0713   |
|                            | : |                                  |
| LINDA MARIE BYRD, et al.   | : |                                  |
|                            | : |                                  |

**MEMORANDUM OPINION**

Standard Insurance Company filed this interpleader action due to uncertainty as to who is to obtain the remaining proceeds, $28,000, of a life insurance policy on the life of Robert Byrd, deceased.  The defendants are Linda Marie Byrd, decedent's mother; Robert Curry, decedent's father; Ravyn Byrd, decedent's child; Mekita Parker, child's mother, and Stewart Funeral Home.  As an employee of the District of Columbia Public Schools, Robert Byrd was the insured under a Group Life Insurance Policy issued by Standard Insurance.  Mr. Byrd died in an automobile accident on March 23, 2004.  The amount of coverage was $ 56,000.  Stewart Funeral Home provided funeral services of the value of $3,331.24, and Mr. Byrd's parents assigned their interests, if any, to the funeral home.

On or about April 12, 2004, the District of Columbia, as Policy Owner, informed Standard that Mr. Byrd had failed to designate a beneficiary under the policy.  The policy then

provided for the proceeds to be paid in the following order: spouse, children, parents, brothers and sisters, and the estate. Decedent's father, Robert Curry, sent to Standard a Beneficiary Affidavit attesting that his son had no spouse, nor any natural or adopted children, and that he, as the decedent's father, was entitled to one half of the proceeds.  Based on this representation, Standard paid to Mr. Curry $26,334.38, and one half of the funeral expenses, $1,665.62, to the funeral home.

Later, Linda Marie Byrd, the mother of Robert Byrd, called to complain about the payments of benefits to Robert Curry, and eventually Standard received a Designation of Beneficiary form from the District of Columbia, purportedly executed by Mr. Byrd, naming his daughter, Ravyn Marie Byrd, as his beneficiary.  Ms. Linda Byrd also claims that the personnel file was tampered with, that a beneficiary form designated her, and accordingly she has claimed an interest in the insurance benefits.

Standard requested that Robert Curry and Stewart return the benefits previously paid to them, but no funds have been returned.

The file contains returns of service on all defendants named in Standard's complaint, but only two have answered.  Those two, Ravyn Marie Byrd and Stewart Funeral home, also filed cross claims, and Ravyn Byrd filed a counterclaim against Standard and

2

a third party action against the District of Columbia, which answered and filed a counter claim against Standard Insurance and Robert Curry.  The court file does not reflect that the cross claims or the counter claim of the District of Columbia have been served properly on the defendants who have not appeared in this action.[1]

Stewart Funeral Home cross claims against Linda Marie Byrd and Robert Curry who signed assignments of their interests in the life insurance proceeds and obtained services from the funeral home, and they alternatively agreed to be personally liable for payment.

Ravyn Marie Byrd, by her mother and next friend, Mekita Parker, answered and cross claimed against Robert Curry and Stewart Funeral Home for the amounts already paid to them by Standard based on interference with contract and conversion. She also filed a counterclaim against Standard for the amounts paid to Curry and Stewart for breach of contract.  Ravyn Byrd also filed a third party claim against the District of Columbia, for breach of contract, due to its alleged failure to notify Standard of the beneficiary designation form.

---

[1] Fed.R.Civ.P. 5(a) provides "No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."  Service by ordinary mail does not suffice.

Presently pending is the motion of Standard Insurance to enter default judgments against Linda Marie Byrd, Robert Curry and Mekita Parker pursuant to rule 55(b).

The default process has two steps. First, under Rule 55(a), the clerk may enter a default . Then the court considers whether to enter judgment by default under Rule 55(b):

> A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. Fed.R.Civ.P. 55(a).  After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

*New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  *See also, Ortis v. Pepe*, 2004 WL 2075417, *1 (D.R.I. 2004):

> The entry of default, pursuant to Fed.R.Civ. P. 55(a), is a prerequisite for the entry of judgment upon that default, pursuant to Fed.R.Civ.P. 55(b). *See e.g. New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996)("After defendant's default has been entered, plaintiff may apply for judgment based upon that default."); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n. 11 (2nd Cir.1995)(noting the distinction between entry of default and entry of default judgment); *Dahl v. Kanawha Investment Holding Co.*, 161 F.R.D. 673 (N.D.Iowa 1995)(commenting that the entry of default is the first of two steps prior to the entry of a default judgment). Here, plaintiff has

>failed to secure an entry of default pursuant to Fed.R.Civ.P. 55(a). Accordingly, I recommend that plaintiff's motion for a default judgment, pursuant to Fed.R.Civ.P. 55(b), be denied.

By seeking judgment by default, Standard Insurance has skipped the first step and the motion for judgment by default will be denied without prejudice to its renewal if defaults are entered by the clerk pursuant to Rule 55(a), upon proper request.

                                                    /s/  
                                      DEBORAH K. CHASANOW  
                                      United States District Judge

September 7, 2005