```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                   :
STANDARD INSURANCE COMPANY
                                   :
     v.                            :  Civil Action No. DKC 2005-0713
                                   :
LINDA MARIE BYRD, et al.
                                   :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this interpleader action is the motion of Ravyn Marie Byrd for summary judgment (paper 49). The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court concludes that, as to some of the defendants, Ravyn Byrd is entitled to judgment, but that Linda Marie Byrd will be permitted a brief time within which to take discovery from the District of Columbia.

**I. Background**

Standard Insurance Company filed a complaint for interpleader on March 14, 2005, and named several parties as potentially having an interest in the proceeds from a life insurance policy.

Robert C. Byrd, decedent, was killed in an automobile accident on March 23, 2004. As an employee of the District of Columbia Public Schools, he was insured under Group Life Insurance Policy Number 641332-A, issued by Standard Insurance Company. The coverage at the time of his death was $56,000.

According to the complaint, Standard was advised by the District of Columbia (the policy owner) that the decedent had failed to designate a beneficiary under the policy.  Thus, the policy provided for the proceeds to be paid to surviving beneficiaries in the order of (1) spouse, (2) children, (3) parents, (4) brothers and sisters, and (5) the decedent's estate.

On June 1, 2004, Standard received from Robert Curry an affidavit stating that decedent had no spouse or children and that he, as decedent's father, was entitled to one half of the death benefit.  Standard paid Robert Curry one half of the death benefit, less one half of the funeral expenses.[1]

Shortly thereafter, Linda Marie Byrd, Decedent's mother, contacted Standard and objected to payments to Robert Curry.

On or about August 19, 2004, Standard received a designation of beneficiary form executed by the decedent on February 18, 1998, and naming Ravyn Marie Byrd, his daughter, date of birth May 7, 1997, as his beneficiary.

This action followed.  In addition to the complaint filed by Standard to determine the proper recipient of the remaining proceeds, Stewart Funeral home filed a cross-claim against Robert Curry and Linda Marie Byrd for the funeral expenses, and Ravyn Marie Byrd filed a cross-claim against Robert Curry and Stewart

---

[1] Both Mr. Curry and Linda Marie Byrd, the decedents' parents, assigned a portion of the proceeds to Stewart Funeral Home, Inc.

Funeral Home, Inc., and a counterclaim against Standard Insurance for the money already paid to Robert Curry.  She also filed a third party complaint against the District of Columbia for the money initially paid to Robert Curry.  The District of Columbia then filed a fourth Party Complaint against Standard Insurance and Robert Curry.  Defaults have been entered against Mekita Parker (Ravyn's mother) and Robert Curry.  Other claims are at issue.

Ravyn Marie Byrd moves for summary judgment in her favor as to the money in escrow, contending that the documents appended to the initial complaint establish that she is the designated beneficiary.

No one disputes that Robert C. Byrd designated Ravyn Marie Byrd on a proper designation of beneficiary form in 1998 and that the form was on file with the District of Columbia.  Linda Marie Byrd claims an interest in the insurance benefits, contending that someone tampered with the file and that the decedent had executed a second designation of beneficiary form naming her in place of Ravyn Marie Byrd.  Ravyn Marie Byrd admits that Robert C. Byrd is not her biological father, but contends that the designation of beneficiary form validly designated her as the beneficiary.

Linda Byrd contends that Robert Byrd discovered that Ravyn Byrd was not his daughter and then changed the beneficiary on the policy to her.  She claims that she checked on the beneficiary with the District of Columbia and was advised that she had been designated.  Later, she was advised by someone else that there was

no designated beneficiary.  She contends that her son only named Ravyn Byrd as the beneficiary based on the false information from Ravyn's mother that he was Ravyn's father.  Linda Byrd sought an additional amount of time to secure new counsel and submit more information.  She was granted until February 6, 2006 to file a further response.  No further filing was made.

## II. Standard of Review

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979).  The moving party bears the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256; *Celotex Corp.*, 477 U.S. at 324. However, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir.), *cert. denied*, 522 U.S. 810 (1997). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Generally speaking, "summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson*, 477

U.S. at 250 n.5; Fed.R.Civ.P. 56(f).  "'Sufficient time for discovery is considered especially important when the relevant facts are exclusively in the control of the opposing party[,]'" and when a case involves complex factual questions about intent and motive. *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 247 (4th Cir. 2002), quoting 10A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2741 at 241 (3rd ed. 1998).

A party opposing summary judgment may not merely assert in the opposition that discovery is necessary.  Rather, the party must file an affidavit that "particularly specifies legitimate needs." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995).[2]  As this court has noted, a request for discovery will not be granted if the party merely wishes to conduct a "fishing expedition" in search for evidence that may be helpful. *Morrow v. Farell*, 187 F.Supp.2d 548, 551 (D.Md. 2002), *aff'd*, 50 Fed. Appx. 179 (4th Cir. 2002).  In addition to the  specificity requirement, a party must present reasons why it cannot put forth the necessary opposing evidence, *see Pine Ridge Coal Co. v. Local 8377, United Mine Workers of*

---

[2] An affidavit may not be absolutely necessary if the party makes objections that satisfy the purpose of providing an affidavit and is not lax in pursuing discovery. *Harrods Ltd.*, 302 F.3d at 244; *Chernova v. Elec. Sys. Servs., Inc.*, 247 F.Supp.2d 720, 723 (D.Md. 2003)(noting an affidavit is not absolutely necessary to satisfy Rule 56(f), but movant must show that 56(f) protections are invoked in good faith and to "afford the trial court the showing necessary to assess the merit of a party's opposition").

*America,* 187 F.3d 415, 421-22 (4th Cir. 1999), and must establish that the desired evidence could be sufficient to create a genuine issue of material fact. *See McLaughlin v. Murphy*, 372 F.Supp.2d 465, 470 (D.Md. 2004). If a party meets this burden, "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed.R.Civ.P. 56(f).

### III.  Analysis

The only evidence before the court is the designation of beneficiary form executed in 1998, naming Ravyn Marie Byrd as the decedent's beneficiary. Although Linda Byrd believes that there was a later form executed and filed, she has not presented any admissible evidence of that event. She has, however, filed an affidavit seeking discovery in order to prove that there was a later form. (Paper 57). Specifically, she requests an opportunity to obtain documents and information from the District of Columbia, and to question the people involved.

Linda Byrd's affidavit is sufficient to stay the court's summary judgment decision as to her. She filed an affidavit that "particularly specifies legitimate needs." *See Nguyen*, 44 F.3d at 242. She does not attempt to conduct a fishing expedition, but seeks information relating only to the second designation form, which, if found, would be essential to her position. Moreover, the

7

information sought is within the exclusive control of the District of Columbia.  Given the initial response of the District of Columbia that the decedent had not declared *any* beneficiary, and its later position that Ravyn Marie Byrd was the proper beneficiary, discovery on this limited issue is warranted.

Accordingly, the court will defer decision on the motion for summary judgment.  Linda Marie Byrd will be granted a period of 45 days within which to take the requested discovery from the District of Columbia.  If no supplemental opposition is filed within that time, summary judgment will be granted in favor of Ravyn Byrd without further briefing.  A separate Order will follow.

                                        /s/
                            DEBORAH K. CHASANOW
                            United States District Judge